**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4327**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TYRONE YANCEY, a/k/a Whoadie,

                    Defendant - Appellant.

Appeal from the United States District Court for the United States of Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:13-cr-00191-FL-1)

Submitted:  November 18, 2014          Decided:  November 20, 2014

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis M. Hart, Washington, D.C., for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Yancey pleaded guilty pursuant to a written plea agreement to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). He received an eighty-seven-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Yancey's guilty plea was knowing and voluntary in light of the drug quantity attributed at sentencing, the Fed. R. Crim. P. 11 hearing was adequate, the sentence imposed by the district court was reasonable, and ineffective assistance of counsel or prosecutorial misconduct is evident on the record. Yancey has not filed a pro se supplemental brief. The Government declined to file a response. We affirm.

Because Yancey did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the district court fully complied with Rule 11 when accepting Yancey's plea. Given no indication to the contrary, we therefore conclude that Yancey's plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Next we review Yancey's sentence for reasonableness using an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. <u>Id.</u> at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. <u>Id.</u> Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. <u>United States v. Strieper</u>, 666 F.3d 288, 295 (4th Cir. 2012). The district court imposed a sentence of eighty-seven months, which was within the Sentencing Guidelines range. We conclude that Yancey has not rebutted the presumption of reasonableness and that the court did not abuse its discretion in imposing the chosen sentence.

Although counsel raised whether Yancey received ineffective assistance of counsel, he stated that he could find no evidence of ineffective assistance. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th

3

Cir. 2008).  Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record.  United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that any claim should be raised, if at all, in a § 2255 motion.  Neither is prosecutorial misconduct evident on the record.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Yancey's conviction and sentence.  This court requires that counsel inform Yancey, in writing, of the right to petition the Supreme Court of the United States for further review.  If Yancey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Yancey.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED